**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 17, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

CESAR MANUEL MARQUEZ-
RAMIREZ,

     Defendant-Appellant.

No. 07-2215
(D.C. 2:07-CR-891-MCA)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **MCKAY**, and **GORSUCH**, Circuit Judges.

---

Cesar Manuel Marquez-Ramirez pled guilty to an information charging him

with illegal reentry of a deported alien. The district court sentenced him to 41

months imprisonment followed by 2 years of supervised release. On appeal, Mr.

Marquez-Ramirez's counsel filed an *Anders* brief and moved to withdraw as

counsel. *See Anders v. California*, 386 U.S. 738 (1967). Mr. Marquez-Ramirez

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant counsel's request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

filed a *pro se* response arguing that the district court erroneously calculated his offense level under the Sentencing Guidelines. The government declined to file a brief. For the reasons set forth below, we discern no meritorious issues for appeal, and we therefore grant the motion to withdraw and dismiss the appeal.

\* \* \*

On February 6, 2007, Mr. Marquez-Ramirez encountered United States Border Patrol agents while he was in custody at the Doña Ana County Detention Center in Las Cruces, New Mexico. Mr. Marquez-Ramirez was then transferred to the Las Cruces Border Patrol Station for processing. Subsequently, Mr. Marquez-Ramirez pled guilty to an information charging him with reentry of a deported alien, in violation of 8 U.S.C. § 1326(a) & (b).

According to the advisory United States Sentencing Guidelines ("Guidelines"), Mr. Marquez-Ramirez's conviction carried a base offense level of 8. *See* U.S.S.G. § 2L1.2(a). His specific offense characteristics resulted in a 16-level enhancement due to a prior felony conviction for a "crime of violence."[1] *See id*. § 2L1.2(b)(1)(A)(ii). This resulted in a total offense level of 24. Due to Mr. Marquez-Ramirez's acceptance of responsibility the offense level was

---

[1] On January 12, 1994, Mr. Marquez-Ramirez was convicted of Burglary of a Habitation in the 65th District Court, El Paso, Texas, Case No. 64666. *See* Presentence Report ("PSR") R., Vol. II., at 3. "Burglary of a dwelling" is explicitly listed in the definition for a "crime of violence." *See* U.S.S.G. § 2L1.2 Note 1(B)(iii).

reduced by 3 points for a final offense level of 21. *See id*. § 3E1.1. The Probation Office also assessed 6 criminal history points. *See* Presentence Report ("PSR") R., Vol. II., at 4-7. The 6 criminal history points corresponded to a criminal history category level of III. Together, the offense level of 21 and criminal history category level of III resulted in a proposed Guidelines sentencing range of 46-57 months. The Probation Office, however, recommended that the court depart downward under U.S.S.G. § 4A1.3(b)(1) to criminal history category level II because level III "overrepresent[ed] . . . defendant's criminal history." PSR, R., Vol. II, at 12.

Mr. Marquez-Ramirez did not challenge any aspect of the facts outlined in the PSR, but following the Probation Office's recommendation he filed a written motion for a downward departure to criminal history category II. R., Vol. I, Doc. 16. At sentencing, however, his counsel requested a departure to criminal history category I, based on the time that had passed since Mr. Marquez-Ramirez's felony conviction; his compliance with the terms of his probation; the fact that this sentence would be the longest term Mr. Marquez-Ramirez has served; and his support from his family and pastor. *See* R., Supp. Vol. I., at 3-4, 6. After entertaining these arguments, the district court adopted the PSR's factual findings and found a downward departure (only) to category II warranted, which combined with his offense level of 21 resulted in a Guidelines range of 41 to 51 months. *Id*.

at 8.  The court then sentenced Mr. Marquez-Ramirez to 41 months, the minimum term of imprisonment within the recommended range.  *Id.*

\* \* \*

Pursuant to the Supreme Court's decision in *Anders v. California*, a court-appointed defense counsel may "request permission to withdraw [from an appeal] where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744).  This process requires counsel to

> submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

*Id.*  (citing *Anders*, 386 U.S. at 744).

In his *Anders* brief, counsel for Mr. Marquez-Ramirez represents that the only possibly colorable basis for appeal is if the district court erred in departing downward only to criminal history category II rather than to category I, and further states that "[a]fter a conscientious investigation of both the record and the applicable law, [he] has determined in his professional judgement that the appellate issue discussed herein is without merit."  Br. at 1.  In his response, Mr.

Marquez-Ramirez argues that the district court committed a separate error when calculating his offense level under the Guidelines.

After conducting a full examination of the record, we discern no reason to suggest that the district court abused its discretion in any way in departing to category II rather than category I. *See Gall v. United States*, 128 S.Ct. 586, 591 (2007) ("[C]ourts of appeals must review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard."). In assessing the appropriate extent of the downward departure, the district court expressly took account of, *inter alia*, the details of Mr. Marquez-Ramirez's prior criminal history, including the fact that his prior felony conviction was over a decade old; his support from his family and pastor; and his expressed regret for his actions. The court thus fully considered Mr. Marquez-Ramirez's arguments for a downward departure pursuant to U.S.S.G. § 4A1.3(b), and indeed granted the departure for which he initially moved.

With respect to the separate question whether the district court correctly calculated his offense level, Mr. Marquez-Ramirez argues that his prior felony conviction does not meet the definition of an "aggravated felony" necessary to impose an enhancement under U.S.S.G. § 2L1.2(b)(1)(C) (a prior conviction for an aggravated felony), making the 16-level enhancement invalid. Mr. Marquez-Ramirez's enhancement, however, was imposed under U.S.S.G.

§ 2L1.2(b)(1)(A)(ii) (a prior conviction for a crime of violence). *See* PSR, R., Vol. II, at 3. The definition of "crime of violence" in Note 1(B)(iii) explicitly lists "burglary of a dwelling" as sufficient to invoke this provision. Mr. Marquez-Ramirez's previous conviction for "burglary of a habitation" thus satisfies this provision and leaves no non-frivolous issue to address on appeal.

* * *

For the foregoing reasons, we grant counsel's motion to withdraw and dismiss the appeal.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge